**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**TENESHA MARQUITTA HARRIS**

Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES LLC,**
**TRANSUNION LLC,**
**NAVY FEDERAL CREDIT UNION**

Defendants.

Case No.:

## COMPLAINT

## INTRODUCTION

1. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., in 1970 to ensure that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. Prior to the FCRA, consumers had virtually no meaningful rights to access, review, or correct the often inaccurate, outdated, and incomplete information contained in their credit files, which frequently resulted in wrongful denials of credit, employment, housing, insurance, and other essential opportunities.

2. The FCRA was designed to protect consumers by requiring consumer reporting agencies and furnishers of information to follow reasonable procedures to assure maximum possible accuracy of reported information, to conduct prompt and reasonable reinvestigations of disputed information, to provide consumers with complete and accurate file disclosures, and to maintain fair procedures for

correcting errors.

3. On January 17, 2025, the Consumer Financial Protection Bureau ("CFPB") issued a consent order against Equifax Information Services LLC requiring payment of a $15 million civil penalty for failing to properly investigate consumer disputes, ignoring consumer-submitted evidence, reinserting previously deleted inaccuracies, issuing confusing and contradictory reinvestigation results, and utilizing flawed automated systems that perpetuated inaccurate reporting.

4. The CFPB has also taken repeated enforcement actions against TransUnion LLC for inadequate dispute investigations, inaccurate reporting practices, failure to properly handle consumer disputes, and continuing systemic deficiencies that mirror the violations alleged in this complaint.

5. Despite these well-publicized enforcement actions and the clear mandates of the FCRA, Defendants have engaged in the very same egregious, negligent, and willful violations that have caused Plaintiff concrete and particularized harm.

**PARTIES**

6. Plaintiff **TENESHA MARQUITTA HARRIS** is an individual residing at Brooklyn, New York 11207-1880.
7. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. It is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.
8. Defendant TransUnion LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. It is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.
9. Defendant Navy Federal Credit Union is a federal credit union and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681 et seq.
11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

12. Plaintiff planned to apply for a mortgage for family and household purposes.
13. Plaintiff reviewed her credit report via Equifax and TransUnion various websites and found her Navy Federal account was reporting inaccurately on her credit report.
14. Plaintiff disputed her Navy Federal account across all CRA websites around July 2026.
15. Upon information and belief, each CRA defendant notified Navy Federal per 15 U.S.C. § 1681i(a). This triggered the duty of Navy Federal to conduct a proper and reasonable reinvestigation per 15 U.S.C. § 1681s-2(b).
16. All defendants have 30 to 45 days to conduct a reasonable reinvestigation and either update, delete or block any items of information if it cannot be verified.
17. Around July 2026, Plaintiff applied for a $100,000 loan with SoFi Bank and Upstart. Her information was disseminated to known and unknown lenders and creditors. Plaintiff was denied credit due to adverse information reported on her credit.
18. Around July 2026, Plaintiff requested for her full file disclosure from annualcreditreport.com from all CRAs, and they failed to provide full file disclosure.

19. Around July 2026, Plaintiff reviewed her credit report on Equifax and TransUnion websites and discovered that Navy Federal failed to reinvestigate and address Plaintiff's concerns per FCRA requirements.

**Specific Allegations – Equifax Credit Report**

20. Navy Federal xxxxxxxxxxxx 5179: This account is inaccurate and incomplete, March and April 2021 payment is incomplete, April 2025 to November 2025 payment data is reported in wrong progression, August 2025 payment not reported. This account is reported to be inconsistent with other CRAs.

**Specific Allegations – TransUnion Credit Report**

21. NAVY FEDERAL CR UN 50000137955004334****: This account is inaccurate and incomplete, March and April 2021 payment is incomplete, June 2025 to November 2025 payment data is reported in wrong progression. This account is reported to be inconsistent with other CRAs.
22. As a direct and proximate result of Defendants' inaccurate and unlawful credit reporting, Plaintiff suffered concrete and particularized harm. Plaintiff was denied a loan with SoFi Bank, and a loan from Upstart Inc. Plaintiff's planned mortgage application was adversely affected. Plaintiff suffered lost financial opportunities, increased costs of credit, a damaged credit score, and was forced to expend significant time and effort attempting to correct the inaccurate reporting.
23. In addition, Plaintiff experienced severe emotional distress, anxiety, frustration, humiliation, mental anguish, financial stress, and reputational harm caused by the continued presence of false and misleading information on her credit reports. These injuries are actual, real, and measurable, and not merely procedural or speculative.

**CLAIMS FOR RELIEF**

**I. FIRST CLAIM FOR RELIEF**

**15 U.S.C. § 1681g(a) – Failure to Provide Complete and Accurate File Disclosure (Against Defendants Equifax and TransUnion)**

24. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
25. Pursuant to 15 U.S.C. § 1681g(a), consumer reporting agencies are required to make available to consumers, upon request, all information in the consumer's file at the time of the request, including a complete and accurate disclosure of the consumer's credit file, which must clearly and accurately disclose all information in the file.
26. Defendants Equifax and TransUnion failed to provide Plaintiff with a complete and accurate disclosure of her credit files. The disclosures provided included inaccurate, incomplete, and outdated information, omitted critical account details, and failed to reflect corrections or deletions of disputed items despite Plaintiff's requests.
27. As a direct and proximate result of Defendants' violations, Plaintiff suffered concrete injury in fact, including mental and emotional distress, damage to credit reputation and rating, lost credit opportunities, increased costs of credit, and other damages.
28. At all times alleged herein, Defendants acted negligently and/or willfully.
29. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

**II. SECOND CLAIM FOR RELIEF**

**15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures (Against Defendants Equifax and TransUnion)**

30. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

31. Defendants Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports concerning Plaintiff.
32. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.
33. At all times alleged herein, Defendants acted negligently and/or willfully.
34. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## III. THIRD CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(2) (Against Defendants Equifax and TransUnion)

35. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
36. Defendants violated 15 U.S.C. § 1681i(a)(2) in that they failed to promptly notify the furnishers of information and provide all relevant information regarding Plaintiff's disputes.
37. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
38. Defendants acted negligently and/or willfully.
39. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## IV. FOURTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(4) (Against Defendants Equifax and TransUnion)

40. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

41. Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff during the reinvestigation.
42. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
43. Defendants acted negligently and/or willfully.
44. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## V. FIFTH CLAIM FOR RELIEF

**15 U.S.C. § 1681i(a)(5)** (Against Defendants Equifax and TransUnion)

45. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
46. Defendants violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify inaccurate or incomplete information and by failing to prevent the reappearance of such information.
47. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
48. Defendants acted negligently and/or willfully.
49. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VI. SIXTH CLAIM FOR RELIEF

**15 U.S.C. § 1681i(a)(6)(B)(iii)** (Against Defendants Equifax and TransUnion)

50. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

51. Defendants violated 15 U.S.C. § 1681i(a)(6)(B)(iii) by failing to provide Plaintiff with a description of the procedures used in the reinvestigation.
52. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
53. Defendants acted negligently and/or willfully.
54. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VII. SEVENTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(7) (Against Defendants Equifax and TransUnion)

55. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
56. Defendants violated 15 U.S.C. § 1681i(a)(7) by failing to timely provide the requested description of the reinvestigation.
57. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
58. Defendants acted negligently and/or willfully.
59. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VIII. EIGHTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(A) – Failure to Conduct Reasonable Investigation (Against Navy Federal Credit Union)

60. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
61. Navy Federal Credit Union violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable investigation on the disputed Navy Federal account that it furnished to the Consumer Reporting Agencies.
62. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
63. Defendant's conduct was negligent and/or willful.
64. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendant's willful acts pursuant to 15 U.S.C. § 1681n.
65. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendant's violations are negligent, pursuant to 15 U.S.C. § 1681o.

## IX. NINTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(B) (Against Navy Federal Credit Union)

66. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
67. Navy Federal Credit Union violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to it by the consumer reporting agencies regarding Plaintiff's disputes.
68. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.
69. Defendant's conduct was negligent and/or willful.
70. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
71. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## X. TENTH CLAIM FOR RELIEF

**15 U.S.C. § 1681s-2(b)(1)(D) (Against Navy Federal Credit Union)**

72. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
73. Navy Federal Credit Union violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the results of the reinvestigation to all consumer reporting agencies.
74. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
75. Defendant's conduct was negligent and/or willful.
76. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
77. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XI. ELEVENTH CLAIM FOR RELIEF

**15 U.S.C. § 1681s-2(b)(1)(E) (Against Navy Federal Credit Union)**

78. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
79. Navy Federal Credit Union violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information regarding the Navy Federal account.
80. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
81. Defendant's conduct was negligent and/or willful.
82. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
83. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XII. TWELFTH CLAIM FOR RELIEF

### Willful Noncompliance – 15 U.S.C. § 1681n (Against All Defendants)

84. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
85. Defendants' violations of the FCRA were willful, entitling Plaintiff to statutory damages, punitive damages, and attorney's fees under 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against all Defendants for:

a. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

b. Statutory damages pursuant to 15 U.S.C. § 1681n;

c. Punitive damages;

d. Compensatory damages for emotional distress and other harms;

e. Injunctive relief ordering Defendants to correct, delete, or block all inaccurate information and mark accounts as disputed;

f. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o;

g. Such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 17, 2026

______________________________

Adam J. Fishbein
Adam J. Fishbein (AF-9508)
Attorney At Law
Attorney for the Plaintiff
735 Central Avenue
Woodmere, New York 11598
516-668-6945
fishbeinadamj@gmail.com